IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES HOWELL HAYNES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:18CV484 |
| | ) | 1:98CR155-1 |
| UNITED STATES OF AMERICA, | ) | 1:98CR156-1 |
| | ) | 1:98CR157-1 |
| Respondent. | ) | |

**ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner in this action brings a motion (Case No. 1:98cr155-1, Docket Entry 40; Case No. 1:98cr156-1, Docket Entry 75; Case No. 1:98cr157-1, Docket Entry 78) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In January of 1999, Petitioner pled guilty to (1) bank robbery and armed bank robbery, in case number 1:98cr155-1, (2) bank robbery and armed bank robbery, in case number 1:98cr156-1, and (3) bank robbery, armed bank robbery, and carrying and using a firearm in relation to a crime of violence, in case number 1:98cr157-1. (Case No. 1:98cr155-1, Docket Entries 1, 21, 25, 28; Case No. 1:98cr156-1, Docket Entries 1, 32, 41, 44; Case No. 1:98cr157-1, Docket Entries 1, 31, 40, 43.) Petitioner was sentenced to 334 months of imprisonment. (Case No. 1:98cr155-1, Docket Entry 28; Case No. 1:98cr156-1, Docket Entry 44; Case No. 1:98cr157-1, Docket Entry 43.) Petitioner's convictions were affirmed on December 28, 1999. *See United States v. Haynes*, 202 F.3d 261 (4th Cir. 1999). Petitioner did not seek further direct review. However, on June 5, 2018, Petitioner filed the instant motion. The Government, in turn, filed a motion to dismiss. (Case No. 1:98cr155-1, Docket Entry 51; Case No. 1:98cr156-1, Docket Entry 85; Case No.

1:98cr157-1, Docket Entry 88.) Petitioner was notified of his right to file a response, and while no response has been filed, Petitioner has filed a number of motions seeking the appointment of counsel. (Case No. 1:98cr155-1, Docket Entries 42, 52-53; Case No. 1:98cr156-1, Docket Entries 77, 86-87; Case No. 1:98cr157-1, Docket Entries 80, 89-90). This matter is now prepared for a ruling. *See* Rule 8, Rules Governing § 2255 Proceedings.

## **Grounds for Relief**

Petitioner raises two essentially identical grounds for relief. In his first, he asserts that he "no longer qualifies for enhancements imposed upon him for prior 'violent' crimes" because "[u]nder the logic of *Dimaya* (*U.S. vs. Dimaya* 2015) [he] no longer qualifies as a career criminal. A prior burglary conviction was applied as a 'prior crime of violence' in order to inhnace [sic] [him]. Burglary can no longer be held as a violent crime." (Case No. 1:98cr155-1, Docket Entry 40, Ground One; Case No. 1:98cr156-1, Docket Entry 75, Ground One; Case No. 1:98cr157-1, Docket Entry 78, Ground One.) Likewise, in his second ground for relief, Petitioner asserts that "[t]he inhancements [sic] to [his] criminal history, and his offence level, for prior convictions of violence no longer apply [because] under the logic of *Dimaya* [his] prior conviction for burglary applied as a valid predicate for a 'crime of violence.'" (*Id.*, Ground Two.) As explained below, these arguments are time-barred.

## **DISCUSSION**

Respondent requests dismissal on the ground that Petitioner's motion was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). (Case No. 1:98cr155-1, Docket Entry 51; Case No. 1:98cr156-1, Docket Entry 85; Case No. 1:98cr157-1, Docket Entry 88.) 28 U.S.C. § 2255(f).

2

The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the Supreme Court or (2) the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522 (2003). Here, Petitioner did not seek certiorari review with the United States Supreme Court, and so his direct appeal was final in late March of 2000, ninety days after the Fourth Circuit affirmed his convictions on December 28, 1999. *See Haynes*, 202 F.3d at 261; *see Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires") (internal citations omitted); *see also* Sup. Ct. R. 13.1 ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed . . . within 90 days after entry of the judgment."). Petitioner did not file the instant motion before late March of 2001, waiting instead until 2018, and it is therefore many years late. (Case No. 1:98cr155-1, Docket Entry 40; Case No. 1:98cr156-1, Docket Entry 75; Case No. 1:98cr157-1, Docket Entry 78.) Petitioner's grounds are years out of time under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his motion be timely.

3

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing the § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing his motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner relies on *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) as the basis of his claim, but *Dimaya* does not provide Petitioner with more time to file under subsection (f)(3). In *Dimaya*, the Supreme Court held that the definition of a "crime of violence" found in 18 U.S.C. § 16(b)—like the residual clause found in 18 U.S.C. § 924(e)(2)(B) and examined in *Johnson v. United States*, 135 S. Ct. 2551 (2015)—was unconstitutionally vague. *Dimaya*, 138 S. Ct. at 1211-12, 1223.

The timeliness issue that is evident in Petitioner's motion is controlled by the holding in *United States v. Brown*, 868 F.3d 297 (4th Cir. 2017), *cert. denied*, 139 S. Ct. 14 (2018). As the Fourth Circuit explained in *Brown* when addressing a *Johnson*-based challenge to a mandatory Guidelines enhancement:

> Although this court can render a right retroactively applicable, only the Supreme Court can *recognize* a new right under § 2255(f)(3). Consequently, to find Petitioner's motion timely, we must conclude that it relies on a right "recognized" in *Johnson* or another more recent Supreme Court case. . . .

. . . .

> While *Johnson* did announce a retroactively applicable right, *Johnson* dealt only with the residual clause of [the Armed Career Criminal Act, 18 U.S.C. § 924(e)]—a federal enhancement statute. *Johnson* did not discuss the mandatory Sentencing

4

> Guidelines' residual clause at issue here or residual clauses in other versions of the Sentencing Guidelines.
>
> . . . .
>
> Accordingly, at least for purposes of collateral review, we must wait for the Supreme Court to recognize the right urged by Petitioner. We hold that Petitioner raises an untimely motion in light of § 2255(f)(3)'s plain language, the narrow nature of *Johnson*'s binding holding, and *Beckles*'s indication that the position advanced by Petitioner remains an open question in the Supreme Court.

*Brown*, 868 F.3d at 301-03 (emphasis added) (internal citations and emphasis omitted); *see also Brown*, 868 F.3d at 299 ("[W]e are constrained . . . from extrapolating beyond the Supreme Court's holding to apply what we view as its 'reasoning and principles' to different facts under a different statute or sentencing regime. We are thus compelled to affirm the dismissal of Petitioner's motion as untimely under 28 U.S.C. § 2255(f)(3)."); *Brown*, 868 F.3d at 304 ("We are constrained from reading between the lines of [Supreme Court decisions] to create a right that the Supreme Court has yet to recognize. We are compelled to affirm [the dismissal of Petitioner's motion under Section 2255] because only the Supreme Court can recognize the right which would render Petitioner's motion timely under § 2255(f)(3)."). Here, the right recognized in *Dimaya* has not been extended by the Supreme Court to the mandatory sentencing guidelines. Based on the above analysis and the holding in *Brown*, subsection (f)(3) does not render Petitioner's grounds timely.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Cases decided subsequent to Petitioner's direct appeal do not constitute new facts affecting the statute of limitations under subsection (f)(4). *United States v. Whiteside*, 775 F.3d

180, 184 (4th Cir. 2014). Therefore, this subsection also does not apply and Petitioner's motion is untimely.[1]

The Supreme Court has also determined that the one-year limitation period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, Petitioner makes no argument that equitable tolling applies in his case. His grounds are untimely and should be dismissed.

Finally, the Court notes that if for some reason Petitioner's grounds were deemed timely, they would fail on the merits. Petitioner's sole argument appears to be that his North Carolina breaking and entering (*i.e.*, burglary) convictions are no longer a crime of violence such that they could be valid predicates to support a career offender enhancement under the federal sentencing guidelines. (Case No. 1:98cr155-1, Docket Entry 43 at ¶¶ 51, 56, 64.) This is not the case. *See, e.g.*, *United States v. Wyrick*, 708 F. App'x 786, 787 (4th Cir. 2017) (concluding that "a North Carolina breaking and entering conviction readily qualifies as a crime of violence" for career offender purposes). Consequently, even if Petitioner's grounds were not time-barred (and they are time-barred) they would fail on the merits. Petitioner's motion should be dismissed.

---

[1] Petitioner contends that even though his conviction became final over a year ago, "the grounds raised in this motion were not available at the time of sentence or appeal . . . ." (Case No. 1:98cr155-1, Docket Entry 40, § 18; Case No. 1:98cr156-1, Docket Entry 75, § 18; Case No. 1:98cr157-1, Docket Entry 78, § 18.) He also asserts that the limitation period can be waived in the interest of justice in light of a change in law. (*Id.*) Here, the Government has not waived the statute of limitations and, beyond this, as explained above, the change in law Petitioner has identified does not render his grounds for relief timely.

6

### Motions for the Appointment of Counsel

Petitioner has also repeatedly moved for the appointment of counsel. (Case No. 1:98cr155-1, Docket Entries 42, 53; Case No. 1:98cr156-1, Docket Entries 77, 87; Case No. 1:98cr157-1, Docket Entries 80, 90). Good cause has not been shown here that would warrant the appointment of counsel, nor would it be in the interest of justice to do so, given that Petitioner's grounds for relief are time-barred and without merit. These motions will be denied.

### CONCLUSION

Petitioner's motion should be dismissed as time-barred. Neither discovery, nor an evidentiary hearing, nor the appointment of counsel are warranted here.

**IT IS THEREFORE ORDERED** that Petitioner's motions for the appointment of counsel (Case No. 1:98cr155-1, Docket Entries 42, 53; Case No. 1:98cr156-1, Docket Entries 77, 87; Case No. 1:98cr157-1, Docket Entries 80, 90) are **DENIED**.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Case No. 1:98cr155-1, Docket Entry 51; Case No. 1:98cr156-1, Docket Entry 85; Case No. 1:98cr157-1, Docket Entry 88) be **GRANTED** and that Petitioner's motion (Case No. 1:98cr155-1, Docket Entry 40; Case No. 1:98cr156-1, Docket Entry 75; Case No. 1:98cr157-1, Docket Entry 78) to vacate, set aside or correct sentence be **DISMISSED**, and that judgment be entered dismissing the action.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

December 13, 2019
Durham, North Carolina

7

Case 1:98-cr-00156-LCB   Document 90   Filed 12/13/19   Page 7 of 7